IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TANE MEETS,<br><br>        Plaintiff,<br><br>v.<br><br>FULONG002, *et al.*,<br><br>        Defendants. | Civil Action No.  25-cv-1404<br><br>Judge Stickman |

**FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION**

This matter comes before the Court upon Motion by Plaintiff for entry of a default judgment and permanent injunction against the Defendants identified on Schedule "A" hereto (hereinafter referred to as "Defaulting Defendants") for Defaulting Defendants' Federal copyright infringement, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying offering for sale and/or selling and/or sale of Infringing Products.[1]

The Court, having considered the Plaintiff's Motion for Default Judgment and Permanent Injunction, the Declaration of Stanley D. Ference III in support of thereof, the Certificates of Service of the Summons and Complaint, the Entries of Default by the Clerk of Courts, and upon

---

[1] As alleged in the Complaint, Defendants have offered for sale, sold, and distributed knock-off and infringing versions of Plaintiff's Products which closely mimic the appearance of Plaintiff's genuine products, which are the subject of U.S. Copyright Reg. Nos. VA 2-414-474, VA 2-414-471, VA 2-414-899, VA 2-414-902, VA 2-414-472, VA 2-414-475, VA 2-414-477, VA 2-414-900 ("Plaintiff's Copyrighted Works"), within this district and throughout the United States by operating e-commerce stores established at least via one of the Amazon.com, and Walmart.com marketplaces using their respective Store Names and Seller Names set forth on **Schedule "A"** hereto (collectively, the "Seller IDs") ("Infringing or Knock-Off Product(s)").

all other pleadings and papers on file in this Action, it is hereby ORDERED as follows (hereinafter, "Order"):

## I. Defaulting Defendants' Liability

Judgment is granted in favor of Plaintiff on all claims asserted against Defendants listed on the Schedule A in the Complaint.

## II. Damage Awards

IT IS FURTHER ORDERED that because it serves the compensatory and punitive purpose of the Copyright Act's prohibitions on willful infringement and because Plaintiff has sufficiently set forth the basis for statutory damages in its supporting papers, the Court finds that such awards are reasonable and Plaintiff is awarded damages of $150,000.00 against each of the Defaulting Defendants, severally and individually, as listed on Schedule A.

## III. Permanent Injunction

A. IT IS HEREBY ORDERED that each Defaulting Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defaulting Defendant having notice of this Default Judgment Order shall be permanently restrained and enjoined from:

(1) manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Infringing Products and using Plaintiff's Copyrighted Works in connection with the distribution, marketing, advertising, offering for sale, or sale of any products; and (b) shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner products which use Plaintiff's Copyrighted Works;

(2) directly or indirectly infringing in any manner any of the Plaintiff's copyrights;

(3) using any reproduction, counterfeit, copy, or colorable imitation of Plaintiff's copyrights, photographs, or other rights including, without limitation, the Plaintiff's Copyrighted Works to sell any goods or services not authorized by Plaintiff;

(4) using any of Plaintiff's copyrights, or other rights including, without limitation, photographs, or artwork that are confusing or substantially similar to the Plaintiff's Copyrighted Works on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Infringing Products;

(5) using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants and Defaulting Defendants' commercial activities by Plaintiff;

(6) secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other

records or evidence relating to their User Accounts,[2] Merchant Storefronts[3] or any money, securities or other property or assets of Defendants (hereinafter collectively referred to as "Defendants' Assets"); and

(7) effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, and/or display for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

B. IT IS FURTHER ORDERED that, pursuant to 17 U.S.C. § 503(b), the Defaulting Defendants must deliver up for destruction to Plaintiff any and all Infringing Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of the Defaulting Defendants that infringe any of Plaintiff's copyrights or other rights including, without limitation, the Plaintiff's Works, or bear any marks, photographs, and/or artwork that are confusingly similar or substantially similar to the Plaintiff's Works.

---

[2] "User Accounts" are any and all accounts with the online marketplace platforms Amazon.com, and Walmart.com, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all other persons in active concert with any of them.

[3] "Merchant Storefronts" are any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in products which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them.

C. IT IS FURTHER ORDERED that Third Party Service Providers[4] and Financial Institutions[5] are permanently enjoined and restrained from:

(1) secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defaulting Defendants' Assets from or to financial accounts associated with or utilized by any Defaulting Defendant or any Defaulting Defendant's User Accounts or Merchant Storefronts (whether said account is located in the U.S. or abroad) ("Defaulting Defendants' Financial Accounts"); and

(2) providing services to Defaulting Defendants, Defaulting Defendants' User Accounts and Defaulting Defendants' Merchant Storefronts, including, without limitation, continued operation of Defaulting Defendants' User Accounts and Merchant Storefronts which are connected in any way in the distribution, marketing, advertising, offering for sale, or sale of any products; and (b) shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner products which use Plaintiff's copyrights.

## IV.    Follow-Up Requests

IT IS FURTHER ORDERED, as sufficient cause has been shown, that, upon Plaintiff's request, within no later than five (5) calendar days of Plaintiff's request:

---

[4] Third Party Service Providers are Amazon Services, LLC d/b/a Amazon.com, and Amazon Payments, Inc. d/b/a Amazon Pay (collectively "Amazon"), Walmart Inc. and Wal-Mart.com USA, LLC, and any other third-party providing services in connection with any Defaulting Defendant and/or any Defaulting Defendant's Merchant Storefront, including, without limitation, Internet Service Providers, back-end service providers, web designers, sponsored search engine providers, sponsored ad-words providers, sponsored shopping providers, merchant account providers, third-party processors and other payment processing services, shippers, domain name registrars and domain name registries.

[5] Financial Institutions are any banks, financial institutions, credit card companies and payment processing agencies, Amazon Payments, Inc., Walmart Pay, PayPal, Inc. d/b/a paypal.com, Temu, LLC and Whaleco Inc. ("Financial Institutions"), and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of any Defaulting Defendant.

(1) Upon Plaintiff's request, Amazon.com, Inc., and its related companies and affiliates, including Amazon Services, LLC, and Amazon Payments, Inc., shall remove listings and/or advertisements for any product that Plaintiff identifies as infringing on Plaintiff's registered copyrights and/or unfairly competing with Plaintiff's Products (i.e., preventing a seller from listing for sale under the identified ASINs); and

(2) all online marketplaces, including but not limited to Amazon.com, Walmart.com, and Temu.com shall upon receipt of this Order, suspend, block, tombstone, and/or delete any and all product listings identified by Plaintiff as either displaying an identical or substantially similar product to copyrighted work, whether sold by the Defendants or other persons or entities; however, the Seller controlling such listings shall not be subject to financial account restraint.

### V. Post-Judgment Asset Transfer and Asset Freeze Order

A. IT IS FURTHER ORDERED that in accordance with Rule 64 of the Federal Rules of Civil Procedure, 17 U.S.C. § 502(a), and this Court's inherent equitable powers to issue remedies ancillary to its authority to provide final relief, and given the difficulties Plaintiff would have enforcing this Order, Defaulting Defendants' Assets from Defaulting Defendants' Financial Accounts that were and/or are attached and frozen or restrained pursuant to the Temporary Restraining Order and/or Preliminary Injunction Order, or which are attached and frozen or restrained pursuant to any future order entered by the Court in this Action (collectively, "Defaulting Defendants' Frozen Assets" and "Defaulting Defendants' Frozen Accounts"), are, to the extent that a given Defaulting Defendant's Frozen Assets equal the Defaulting Defendants' Individual Damages Award, hereby released and transferred to Plaintiff as full satisfaction of the Defaulting Defendants' Individual Damages Award for that Defaulting Defendant. Those Defaulting Defendant's Frozen Assets shall be transferred

to Plaintiff by Financial Institution(s) through Plaintiff's counsel within twenty (20) business days following service of this Default Judgment Order. Upon receipt by Plaintiff's counsel of such Defaulting Defendant's Frozen Assets in full satisfaction of the Defaulting Defendants' Individual Damages Award, the Financial Institution(s) holding that Defaulting Defendant's Frozen Assets and Defaulting Defendants' Frozen Accounts may unfreeze that Defaulting Defendant's Frozen Assets and Defaulting Defendant's Frozen Accounts.  To the extent that a Defaulting Defendant's Frozen Assets are less than the Defaulting Defendants' Individual Damages Award, that Defaulting Defendant's Frozen Assets are hereby released and transferred to Plaintiff as partial satisfaction of the Defaulting Defendants' Individual Damages Award for that Defaulting Defendant and those Defaulting Defendant's Frozen Assets shall be transferred to Plaintiff, by the Financial Institution(s), through Plaintiff's counsel forthwith.

B. IT IS FURTHER ORDERED that in accordance with Rule 64 of the Federal Rules of Civil Procedure and this Court's inherent equitable powers to issue remedies ancillary to its authority to provide final relief, and given the difficulties Plaintiff would have enforcing this Order, the Court also hereby grants Plaintiff's request for a post-judgment restraining order continuing the attachment of each Defaulting Defendant's Frozen Assets until Plaintiff has recovered the full payment of the Defaulting Defendants' Individual Damages Award owed to it by that Defaulting Defendant under this Order, or until further order of this Court.

C. IT IS FURTHER ORDERED that in accordance with this Court's inherent equitable powers to issue remedies ancillary to its authority to provide final relief, and given the difficulties Plaintiff would have enforcing this Order:

1. until Plaintiff has recovered the full payment of the Defaulting Defendants' Individual Damages Award owed to it by any Defaulting Defendant under this Order, in the event that Plaintiff discovers new and/or additional Defaulting Defendants' Assets (whether said assets are located in the U.S. or abroad) and/or Defaulting Defendants' Financial Accounts (whether said account is located in the U.S. or abroad) ("Defaulting Defendants' Additional Assets" and "Defaulting Defendants' Additional Financial Accounts," respectively), Plaintiff shall have the ongoing authority to serve this Order on any Financial Institutions controlling or otherwise holding such Defaulting Defendants' Additional Assets and/or Defaulting Defendants' Additional Financial Accounts ("Financial Institutions holding Defaulting Defendants' Additional Assets and/or Financial Accounts");[6]

2. upon notice of this Order, Financial Institutions holding Defaulting Defendants' Additional Assets and/or Financial Accounts shall immediately locate Defaulting Defendants' Additional Financial Accounts, attach and restrain such Defaulting Defendants' Additional Assets in Defaulting Defendants' Additional Financial Accounts from being secreted, concealed, transferred or disposed of or withdrawn; and

3. no later than after twenty (20) business days following the service of this Order on Financial Institutions holding Defaulting Defendants' Additional Assets and/or Financial Accounts, Financial Institutions holding Defaulting Defendants' Additional

---

[6] This Order contemplates that investigation and/or discovery during judgment collection may reveal that Defaulting Defendants may have used other user accounts, operated by other Third Party Service Providers and Financial Institutions other than those named and that any additional discovered Third Party Service Providers and Financial Institutions, once identified and provided with notice, shall be subject to the restraints, asset seizure and turn over in this Order.

Assets and/or Financial Accounts shall transfer all Defaulting Defendants' Additional Assets to Plaintiff as partial or full satisfaction of the Defaulting Defendants' Individual Damages Award, unless Defaulting Defendant has filed with this Court and served upon Plaintiff's counsel a request that such Defaulting Defendants' Additional Assets be exempted from this Order; at the time the funds are transferred, Financial Institutions holding Defaulting Defendants' Additional Assets and/or Financial Accounts shall provide to Plaintiff a breakdown reflecting: the (i) total funds restrained in this matter per Defaulting Defendant; (ii) the total chargebacks, refunds, and/or transaction reversals deducted from each Defaulting Defendant's funds, restrained prior to release; and (iii) the total funds transferred per Defaulting Defendant to the Plaintiff.

## VI.     Miscellaneous Relief

A. Upon Plaintiff's request, the Third Party Service Provider(s) or Financial Institution(s) shall disable and/or cease facilitating access to the Seller IDs, including tombstoning, deleting, and/or suspending identified ASINs, and any other alias seller identification names being used to offer for sale and/or sell Infringing Products;

B. The Plaintiff may serve this injunction on any e-mail service provider with a request that the service provider permanently suspend the e-mail addresses which are used by the Defendants in connection with the Defendants' promotion, offering for sale, and/or sale of Infringing Products;

C. Upon the Plaintiff's request, any Internet marketplace website operator and/or administrator who is in possession, custody, or control of the Defendants' Infringing Products, including but not limited to Amazon.com, Inc. and its affiliates, Walmart.com and its affiliates, and

Temu.com and its affiliates shall permanently cease fulfillment of and sequester those goods, and surrender the same to the Plaintiff;

D. Any failure by Defendants to comply with the terms of this Default Judgment Order shall be deemed contempt of Court, subjecting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property;

E. Interest from the date of this action was filed shall accrue at the legal rate pursuant to 28 U.S.C. § 1961;

F. The bond posted by Plaintiff in the amount of $5,000.00 is hereby ordered released by the Clerk;

G. Plaintiff shall serve the Defaulting Defendants with a copy of this Order in accordance with the Alternative Service Order; and

H. This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Judgment and permanent injunction.

**SO ORDERED.**

SIGNED this __15__ day of __December__, 2025
Pittsburgh, Pennsylvania

_____
William S. Stickman IV
United States District Judge

# Schedule "A"

# Defendants with Store Name and Seller ID

| No. | Defendant | Account ID |
|---|---|---|
| 1 | fulong002 | A3TZ1HA5GHCUP |
| 2 | zjqZJQDIWD | A2AKEDI2CTAJ3R |
| 3 | qinheng002 | A2YRV2WF69NLLU |
| 7 | zhongmingdong147 | A1G2CBHXJ1JUDP |
| 10 | Fang Xun | A2508HRTHRSBOF |
| 11 | Beauty is a wonderful thing in the world | A1MS8GT94N76M0 |
| 13 | gaomengs | A36QL2D60DBG8 |
| 14 | YiMaShiXinWenWangLuo | A3PV1D6PON7S1N |
| 15 | mingxuanjingmi | A34YBD588W0GXC |
| 16 | mengge0227 | AYLJZKVNXWO7F |
| 17 | LRWDDG08 | A3T3Q10QPIMA8M |
| 18 | Hyperfavor LLC | A26KA7VXZMX9GK |
| 23 | youlongjianshe | A1TG3WPRO2XTJW |
| 24 | ngchengliuba | A3OEKHYVNWW73H |
| 25 | ShanNiKeJi | A3O65I3SWATSYQ |
| 27 | zhijiangshiwaishanshangmaoyouxiangongsi | A1NYNRMUFE8RA8 |
| 28 | YIYIXIANG | A2HH3X9VM7IOBM |
| 29 | chen lin shang wu | A35MNJCLDV1LOB |
| 30 | shixinyuCH | AE5LVCM0XRAUO |
| 31 | FanZhiYue | A214PWSBK0YPB9 |
| 32 | 102rdcfg | A1IVQTNOH3A51A |
| 35 | linquanxianchaonuojiadianlingshouyouxiangongsi | ARBCSKCQF31KQ |
| 36 | BaiShunNongJi | A2DV6XUEN80O1E |
| 37 | ZhangBin12 | AV673K3BNOE3Y |
| 38 | dazhoushizhaojinnongyekejiyouxiangongsi | AM7UOPSA7MJ |
| 39 | zhijiangzuoxian | AYECP0CWE94N2 |
| 40 | shanghaijincanmaoyiyouxiangongsi | A2AVW3T043F4KJ |
| 41 | Vietusa | APWIWQJPLHLM9 |
| 42 | LCUFREOZ | A14UASKAI7Z3EY |
| 43 | TingM(US Store) | AGPR31DYLLD2Y |
| 44 | lyongt206 | ABFXXRGP8LR57 |
| 46 | zhongpiaoliyuan | A2AZ5FU18580WE |
| 50 | Gallery Glow CC | 634418219981741 |
| 51 | Gallery Glow BB | 634418219981701 |
| 52 | DWAquarius | 634418220403526 |
| 53 | KTM Art | 634418220753866 |
| 54 | Big YY | 634418221137745 |
| 55 | Soothify Lab | 634418218197970 |

| | | |
|---|---|---|
| 56 | Rcsockt | 634418215807371 |
| 57 | Rcsocko | 634418215807331 |
| 58 | Sockprint one | 634418215573180 |
| 59 | CHENG NING HOME | 634418219653643 |
| 60 | Galactic goods | 634418219039529 |
| 61 | Fokusent | 634418217845141 |
| 62 | Yulifangzhi | 634418216500816 |
| 63 | Elegant Home Finds | 634418217492629 |
| 64 | Comfortable beach towel | 634418220720862 |
| 65 | HLJP K | 634418218430035 |
| 66 | The Style Loft TXH | 634418218561633 |
| 67 | Uncertain tools | 634418221493194 |
| 68 | youyueguang | 634418220438348 |
| 69 | xierjiafang | 634418214011814 |
| 70 | Awesome Selection - Ii aesthetics | 2159452965572 |
| 71 | zhang xu chao | 634418219152410 |
| 72 | Zoe Warm Home Textiles | 634418220007610 |
| 73 | Happy healthy and lucky | 634418213530046 |
| 74 | Charming Selection | 634418221547486 |
| 75 | PristineHome | 4455638105078 |
| 76 | HNXBYH | 634418220306641 |
| 77 | LeopoStore | 634418220218678 |
| 78 | Jmoustore | 634418220216895 |
| 79 | MIU Perfect | 634418222012182 |
| 80 | wbweijiang GOOD | 634418219345912 |
| 81 | PersonalitysC | 634418220138004 |
| 83 | GGFSWZ | 634418218360647 |
| 84 | Awesome Selection - Fine Goos Preferred V | 4512234820213 |
| 85 | HLKZZA | 634418221835303 |
| 88 | Yuhong Textile Factory | 634418216894027 |
| 91 | Elemental commodity | 634418219038841 |
| 93 | SKYWendy | 634418218324045 |
| 94 | HNXBSH | 634418220523717 |
| 96 | HNXBQH | 634418220617243 |
| 98 | Xin Bai home digital | 2427419207383 |
| 101 | Moss Max WishShape | 634418222326147 |
| 103 | NIOASD | 634418220230052 |
| 105 | LIUSHUXIA | 634418218567837 |
| 107 | cai wangwanggg | 634418221951922 |
| 108 | Creation Moon Art | 634418222128253 |
| 110 | LOLY Phone Case Factory | 634418216530813 |
| 111 | wxlArt | 634418220363084 |
| 112 | Small AA | 634418222114368 |

- 13 -

| 113 | Wo Wo Case | 634418222790981 |
| 114 | Rice Grain Art | 634418221884298 |
| 115 | AuraWrap case | 634418222490982 |
| 116 | YouKCtwo | 634418219920530 |
| 118 | Fancy Shells Selection | 634418219963464 |
| 120 | Dxwsdsockt | 634418216094003 |
| 121 | Aifzthree | 634418219411860 |
| 122 | ZGZjiafang | 634418217188990 |
| 123 | Sunnysocks | 634418219784094 |
| 124 | Run Senqi clothing firm | 634418212110887 |
| 125 | Ninesocks | 634418215746822 |
| 126 | sock universe | 634418219767336 |
| 129 | Sunsocks | 634418215772740 |
| 132 | Xinxi Home Textile Lifestyle Museum | 634418218029764 |